PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064

TELEPHONE (212) 373-3000

DIRECT DIAL: +1 212 373 3195
EMAIL: KFORREST@PAULWEISS.COM

BRUSSELS
HONG KONG
LONDON
LOS ANGELES
SAN FRANCISCO

TOKYO
TORONTO
WASHINGTON, DC
WILMINGTON

May 9, 2025

**VIA CM/ECF**

Hon. Mary Kay Vyskocil
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007

Re:   *Walterlakes et al.* v. *From You Flowers, LLC*, Case No. 1:25-cv-00867-MKV, Pre-Motion Letter re Proposed Motion to Dismiss

Dear Judge Vyskocil:

      Defendant, From You Flowers, LLC ("FYF"), respectfully submits this letter pursuant to Rule 4.A.i of this Court's Individual Rules and requests a pre-motion conference. There are a number of reasons that support a motion to dismiss the First Amended Complaint ("FAC"). We have met and conferred with plaintiffs and they oppose any such motion.

      This is a putative nationwide class action alleging that FYF violated consumer protection laws in all 50 states by imposing a delivery fee that plaintiffs characterize as a form of "hidden surcharge that surprises the consumer at the very last step of the check-out process." FAC ¶ 77. The FAC seeks to align itself with a very different set of circumstances in which certain charges are added surreptitiously or without appropriate disclosure during the purchase process (also called "purchase flow"). However, here, plaintiffs' own allegations make clear that there is no plausible claim of a "hidden surcharge." *Id.* ¶ 77. Instead, the allegations explicitly state that each of the two named plaintiffs, Walterlakes and Gunzl, understood prior to order completion that a delivery fee was being added to their online order through the FYF website. *Id.* ¶¶ 77, 117, 129, Ex. A Fig. 7. Plaintiffs' concession of a clear and accurate disclosure of the delivery fee prior to order completion defeats any claim of misleading or deceptive conduct.

      In an attempt to bolster a factually implausible case of consumer deception, plaintiffs include seven pages of alleged social science research suggesting that plaintiffs would have been behaviorally unable to have terminated their ordering process at the point in the purchase flow when the delivery charge was displayed. FAC ¶¶ 17-33. Entirely missing from the FAC is any allegation that plaintiffs experienced the so-called "sunk cost fallacy," or any of the other general behaviors set forth in the literature cited. Plaintiffs are required to plead factual allegations stating a plausible claim *as to them*; general literature reciting possible behavioral issues for unknown people cannot support the requirements for a particularized claim.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Hon. Mary Kay Vyskocil																																	2

For reasons set forth below, we respectfully suggest that full briefing would demonstrate that all counts in the FAC are subject to dismissal.

## I.     The Court Lacks Subject Matter Jurisdiction

Few cases actually lack the factual predicate for an injury-in-fact required by Article III. This is the unusual case supporting dismissal on this basis. *See McMorris* v. *Carlos Lopez & Assocs.*, 995 F.3d 295, 305 (2d Cir. 2021). Plaintiffs' sole putative injury—that they "suffered ascertainable monetary losses in the form of the full purchase price," *see, e.g.*, FAC ¶ 153—fails for at least two reasons: *First*, plaintiffs were aware of the delivery fee before placing their orders. *See Berni* v. *Barilla S.p.A.*, 964 F.3d 141, 148 (2d Cir. 2020) (no harm is incurred when customers buy the products with the same information they claim they were owed from the beginning); FAC ¶¶ 117-118, 129-130. "[C]ourts in this District have repeatedly rejected the very theory of injury . . . where, as here, a plaintiff believed she was getting a bargain based on a fictitious 'original price' and seeks compensation for her subjective disappointment upon discovering that there was never any bargain at all." *Binder* v. *Michael Kors*, No. 23 CIV. 3941, 2024 WL 3227943, at *4 (S.D.N.Y. June 28, 2024). *Second*, plaintiffs nowhere assert that their total cost (including delivery fee) exceeds the value received (the in-fact *delivered* product). *See Ham* v. *Lenovo*, 664 F. Supp. 3d 562, 581-82 (S.D.N.Y. 2023) (no cognizable injury when plaintiff did not allege that the laptop was worth less than what he paid for).

## II.    Counts II-VI Are Subject to Dismissal Because (i) Plaintiffs Fail to Plead that a "Reasonable Consumer" Would be Misled, and (ii) the Claims are Precluded Under the Voluntary Payment Doctrine

The California and New York counts (CLRA, FAL, UCL, GBL §§ 349 and 350) are subject to dismissal on the basis that plaintiffs cannot plausibly plead that a "reasonable consumer" would be misled by FYF's practices. *See Bustamante* v. *KIND*, 100 F.4th 419, 426 (2d Cir. 2024). Plaintiffs broadly contend that FYF used "a misleading Purchase Flow to obscure the full and true price of its floral arrangements," which was "likely to mislead a reasonable consumer into purchasing the floral arrangements." FAC ¶ 211. More bluntly put, plaintiffs claim the delivery fee that appears clearly in the order flow somehow triggers liability. Such a contention is defeated by plaintiffs' allegation that they had *actual notice of the delivery fee*. *See id.* ¶¶ 118, 130, Ex. A Fig. 6. Courts routinely dismiss similar claims where, as here, the fee at issue was fully disclosed *before* a transaction was consummated. *See e.g.*, *Dimond* v. *Darden Rests.*, No. 13 CIV. 5244, 2014 WL 3377105, at *7 (S.D.N.Y. July 9, 2014) (dismissing claim when defendant's terms of gratuity were disclosed on the menu); *Harris* v. *Las Vegas Sands*, No. CV 12-10858, 2013 WL 5291142, at *5 (C.D. Cal. Aug. 16, 2013).

In addition, because plaintiffs allege that the delivery fee was fully disclosed, their claims are precluded under the "Voluntary Payment Doctrine," which "bars the recovery of money that was voluntarily paid with full knowledge of the facts." *Parino* v. *BidRack*, 838 F. Supp. 2d 900, 908 (N.D. Cal. 2011); *see also Dillon* v. *U-A Columbia Cablevision of Westchester*, 790 N.E.2d 1155, 1156 (N.Y. 2003).

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Hon. Mary Kay Vyskocil                                                                                                    3

### III.  Counts II-IV Are Subject to Dismissal For Failure to Plead "Actual Reliance"

The California Counts—each subject to the Rule 9(b) heightened standard, *see Pemberton* v. *Nationstar Mortg.*, 331 F. Supp. 3d 1018, 1048 (S.D. Cal. 2018)—are additionally subject to dismissal because plaintiff Walterlakes (the only California named plaintiff) does not plausibly plead actual reliance on FYF's allegedly misleading disclosure of the delivery fee. *See Stewart* v. *Kodiak Cakes*, 537 F. Supp. 3d 1103, 1135 (S.D. Cal. 2021) (actual reliance must be alleged under CLRA, FAL, and UCL).  Actual reliance requires a plaintiff to show that "had the omitted information been disclosed[,] one would have been aware of it and behaved differently." *Ashour* v. *Ariz. Beverages USA*, No. 19 CIV. 7081, 2025 WL 961682, at *7 (S.D.N.Y. Mar. 28, 2025) (citation omitted).  Here, Walterlakes avers that he was "not expecting to be charged an additional $14.99" because of the alleged "omission" on earlier order flow pages, FAC ¶ 112, but admits that he was "presented" with, and fully aware of, the delivery fee *before* placing and completing his order, *id.* ¶¶ 117-18.  In other words, he had a choice to proceed or not proceed, and he decided to proceed.  Courts routinely find that consumers cannot establish reliance where, as here, they completed their purchase *after* the previously omitted information had been disclosed.  *See, e.g.*, *Charbonnet* v. *Omni Hotels and Resorts*, 2020 WL 7385828, at *5 (S.D. Cal. Dec. 16, 2020) (dismissing claims where total price was provided before plaintiff completed booking and paid that price); *Ashour*, 2025 WL 961682, at *7 (plaintiff who bought product after learning about its ingredient could not show reliance).

### IV.  Count I is Subject to Dismissal on Several Grounds

The 50-state claim encompassed within a single count should be dismissed on several grounds: *First*, the FAC pleads a class concerning a different website, "Teleflora." FAC ¶ 133. *Second*, even if the FAC had pleaded a class concerning FYF, plaintiffs fail to state a claim for violations of consumer protection acts of all 50 states by merely listing the statutes.  *See Emilee Carpenter, LLC* v. *James*, 107 F.4th 92, 113 (2d Cir. 2024).  *Third,* "it is facially implausible that the plaintiff[s] could, after discovery, meet the Rule 23 requirements of numerosity, commonality, typicality, and adequacy of representation." *Jung* v. *Gina Grp.*, No. 19-CV-8624, 2020 WL 3640048, at *4 (S.D.N.Y. July 6, 2020) (Vyskocil, J.).  For instance, some putative class members are subject to mandatory arbitration per FYF's Terms of Service.  *See Jensen* v. *Cablevision Sys.*, 372 F. Supp. 3d 95, 123 (E.D.N.Y. 2019).  *Fourth*, plaintiffs could never satisfy Rule 23(b)(3) predominance because the elements required to establish claims (*e.g.*, scienter, reliance, causation) differ significantly between states. *Compare, e.g.*, *Stutman* v. *Chem. Bank*, 731 N.E.2d 608 (N.Y. 2000), *with Charbonnet*, 2020 WL 7385828, at *4.

### V.  Plaintiffs' Claims for Equitable Relief Must be Dismissed

For the same reasons Your Honor stated in *In re Nurture Baby Food*, plaintiffs' claims for equitable relief should all be dismissed.  No. 1:21-cv-01217, 2025 WL 918927, at *16 (S.D.N.Y. Mar. 26, 2025).

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Hon. Mary Kay Vyskocil 4

                                                                   Respectfully,

                                                                   */s/ Katherine B. Forrest*
                                                                   Katherine B. Forrest

cc:    All counsel of record (via ECF)